THOMAS, Judge,
concurring specially.
I agree with the main opinion that the judgment of the Limestone Circuit Court is due to be affirmed because, whether we agree or disagree, this court is bound by the decisions of our Supreme Court. 145 *59 So.3d at 49. Yet, the opportunity to overrule Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), has arrived, and I write to specifically urge our supreme court to consider the separation-of-powers argument advanced by Carolyn Sue Christopher (“the mother”). I am concerned that the decision in Ex parte Bayliss violates the doctrine of the separation of powers because the decision encroached on the core function of our legislature — the power to make laws.
The doctrine of the separation of powers is stated in our constitution.
“[§ 42] The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.”
“[§ 43] In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”
Ala. Const.1901, Art. Ill, §§ 42 and 43.
As a threshold matter, I note that the mother has preserved her constitutional argument for appellate review at every stage of litigation. The mother placed relevant language in her amended answer and in her postjudgment motion.[3] Furthermore, at the trial, the mother’s counsel preserved her constitutional arguments before the testimony began.
I urge the Supreme Court to consider whether the decision in Ex parte Bayliss was an improper exercise of the rights and responsibilities reserved for our legislature by the Alabama Constitution. In my view, the Court improperly overreached and usurped the power granted to our legislature because it significantly interfered with the plain intent of Ala.Code 1975, § 30-3-1, which reads in its entirety:
“Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper, having regard to the moral character and prudence of the parents and the age and sex of the children; and pending the action, may make such orders in respect to the custody of the children as their safety and well-being may require. But in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years of age, if he is a suitable person to have such charge.”
Obviously, there is an overlap between and among the branches wherein the judicial branch has as its duty the power to interpret laws promulgated by the legislative branch. An interpretation of § 30-3-1, which has required divorced parents to involuntarily fund the college education of their adult offspring is, in my view, a clear example of overreaching in violation of the separation-of-powers doctrine. In my opinion, a requirement for divorced parents to pay postminority educational sup *60 port must have its genesis in the legislative branch, not the judicial branch.
BRYAN, J., concurs.

. The mother included this statement: "The trial court is now required, in essence, to usurp the role, not only of the Legislature, but also of the parent, and to render a judgment on a purely hypothetical basis of what might have occurred in the future.” (R. at volume 1 pp. 15, 29-30)(emphasis added).